RAYMOND VILCINSKAS ET AL. *v.* SEARS, ROEBUCK AND COMPANY

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued November 8—decided December 18, 1956

*Harry Cooper,* with whom was *Frank J. Monchun,* for the appellants (plaintiffs).

*Henry P. Bakewell,* with whom were *Phyllis Corneal* and, on the brief, *R. Graeme Smith,* for the appellee (defendant).

*John J. Hunt,* as amicus curiae.

INGLIS, C. J. In this case the question presented is, When does the Statute of Limitations relating to actions sounding in negligence commence to run?

The complaint contained the following allegations: On or about December 9, 1950, the defendant at its store in New Britain sold to Robert Varkal, a minor aged ten years, a BB air rifle in violation of an ordinance of the city of New Britain prohibiting such a sale. On or about August 27, 1953, the air rifle was discharged by Robert Varkal while he was playing with the named plaintiff and the latter was shot in the right eye. The defendant was negligent in that it sold the air rifle in violation of the ordinance and in that it sold such a dangerous weapon to a young child who, it should have known, was unfit to be trusted with an air rifle. In consequence of that negligence the named plaintiff sustained severe injuries to, and permanent loss of vision in, his right eye. To this complaint the defendant demurred on the ground that "it affirmatively appears . . . that the action was not brought within one year from the date of the act or omission complained of." The parties agree that the complaint sets forth all the facts

pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by demurrer instead of by answer. *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 114, 58 A. 709; *O'Connor* v. *Waterbury*, 69 Conn. 206, 210, 37 A. 499. The trial court sustained the demurrer. The plaintiffs refused to plead further, and judgment was rendered for the defendant. From this judgment the plaintiffs have appealed.

The statute which controls the decision of the case is § 8324 of the General Statutes. It reads in part as follows: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, . . . shall be brought but within one year from the date of the act or omission complained of . . . ." It would seem that this statute makes it perfectly plain that the one-year period of limitation starts to run at the date when the defendant negligently does the act which results in damage to the plaintiff. Wright, Conn. Law of Torts, § 178. It has been so held by the United States Court of Appeals for the second circuit. *Dincher* v. *Marlin Firearms Co.*, 198 F.2d 821, 822.

Confirmation for this conclusion is to be found in a review of the history of § 8324. Prior to 1935 the statute read as follows: "No action to recover damages for injury to the person, or for an injury to personal property caused by negligence, shall be brought but within one year from the date of the injury or negligence complained of." Rev. 1930, § 6015. In *Tuohey* v. *Martinjak*, 119 Conn. 500, 507, 177 A. 721, we held that, since a comma appeared in the statute after the word "person" and not after the word "property," the effect was to bar in one year actions for injury to the person whether caused by negligence or not. That case was decided in March,

1935. It is apparent that the decision caused the legislature to review the whole matter of the limitation of actions sounding in tort. Apparently as a result of that review, the General Assembly in 1935 amended the statute. Cum. Sup. 1935, § 1680c. In doing so, it inserted a comma after the word "property" to make it plain that the one-year limitation applies only to actions in which the injury resulted from negligence, whether the injury was to the person or to property. It also changed the words "injury or negligence complained of" to "act or omission complained of," thus clearly indicating the legislative intent that the period of limitation was to run from the date of the act or omission complained of rather than from the date of the injury, if by injury the sustaining of damage was meant. That the General Assembly definitely intended to work this radical change in § 6015 becomes even more apparent when it is noted that at the same time it amended § 6006 (Rev. 1930), relating to torts in general, by using the identical phraseology it had used in amending § 6015. Cum. Sup. 1935, § 1677c (Rev. 1949, § 8316). Clearly, therefore, the words "act or omission complained of" in § 8324 are intended to mean something different from injury or damage. The date of the act or omission complained of is the date when the negligent conduct of the defendant occurs and is not the date when the plaintiff first sustains damage.

The argument of the plaintiffs and the amicus curiae that the words "act or omission complained of" do not fix the date of the act or omission as the time when the period of limitation commences to run rests largely on two contentions. The first of these is that statutes of limitation generally start to run from the time when the cause of action ac-

crues. This is true as regards many statutes, particularly those concerning actions sounding in contract, but only because the statutes themselves expressly so provide. See General Statutes §§ 8313, 8315, 8317, 8320 and 8323. Thus, in *Bank of Hartford County* v. *Waterman,* 26 Conn. 324, 330, relied upon by the plaintiff, it was held, in a suit to recover for negligence on the part of a deputy sheriff in making an attachment for the benefit of the plaintiff therein, that the statute did not begin to run until the plaintiff suffered damage by reason of his inability to levy execution on the property attempted to be attached. The reason for that holding, however, was that the Statute of Limitations involved provided that no such action might be brought "but within two years next after the right of action shall accrue." Statutes, 1854, p. 648, § 7. *Giambozi* v. *Peters,* 127 Conn. 380, 385, 16 A.2d 833, and *Maggay* v. *Nikitko,* 117 Conn. 206, 213, 167 A. 816, are distinguishable from the present case since the most that either of them holds with reference to the Statute of Limitations is that when the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed.

There is no reason, constitutional or otherwise, which prevents the legislature from enacting a statute, such as § 8324, which starts the limitation on actions for negligence running from the date of "the act or omission complained of," even though at that date no person has sustained damage and therefore no cause of action has come into existence. Indeed, such a provision accords with the purposes of statutes of limitation. One purpose is to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off

their guard by want of prosecution. *Anderson* v. *Bridgeport*, 134 Conn. 260, 266, 56 A.2d 650. If a person is to be sued for negligence, the claim that he is liable should, in fairness, be brought to his attention soon enough after the claimed act of negligence to permit witnesses to be available for his defense. Accordingly, it is in harmony with the theory of statutes of limitation to make the time for bringing the action start at the time of the occurrence of the alleged negligence and not at the time when the injured person sustained damages. It is consonant with the purpose of protecting defendants against stale claims that the legislature should enact a statute, such as § 8324, which may on occasion bar an action even before the cause of action accrues.

The second argument pursued by the plaintiffs is that by use of the words "complained of" the legislature expressed an intention to fix the time when the statute starts running at the time when the injured person has something to complain of, that is, when he is damaged. This argument is without merit. The statute clearly starts running at the time of the act or omission of the defendant. The words "complained of" simply serve to identify the act or omission as being the one which is complained of in the action brought to recover for the act or omission.

The court's decision on the demurrer was correct.
There is no error.
In this opinion the other judges concurred.