[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSE
This is a foreclosure action filed by the plaintiff seeking to foreclose a mortgage from the defendant, Comtec, Inc. (Comtec) to the plaintiff securing a note in the sum of $850,000. The mortgage and note were executed as purchase money by Comtec of stock in Valco Manufacturing Engineering, Inc. from the plaintiff on March 3, 1982.
Comtec has interposed the special defense of fraudulent misrepresentation and concealment of facts by the plaintiff prior to and at the time of the purchase.
The plaintiff has moved to strike this special defense on the grounds that the three-year statute of limitations (General Statute 52-577) has obviously expired.
A motion to strike properly raises a claim that defense of the statute of limitations is time-barred. Vilcinskis v. Sears Roebuck Co. 144 Conn. 170 (1956).
Comtec argues that the fraudulently concealed acts were not discovered until recently and therefore its special defense remains viable pursuant to General Statutes 52-595 which reads as follows:
 Fraudulent concealment of cause of action. If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.
Proof of fraudulent concealment therefore suspends the running of the statute of limitations, State of Connecticut ex rel McClure, Executor v. Northrop et al, 93 Conn. 558C (1919).
In its special defense, however, Comtec has not alleged fraudulent concealment. This failure, however, should not bar Comtec from raising this claim in response to the statute of limitations defense which will surely be raised by the plaintiff in his reply to this special defense. Rosenblatt v. Berman,143 Conn. 31, 40 (1955).
Comtec must be given an opportunity to invoke General CT Page 1274 Statute 52-595.
The motion to strike is, therefore, denied.
FREED, J.