[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this case the plaintiffs have brought claims derived from personal injuries which allegedly occurred when kitchen cabinets installed by the defendant, Ferendo Supply Company, dislodged from a wall resulting in an injury to the shoulder of the plaintiff, Lee Ann Rutkovsky. The defendant, Ferendo Supply Company, has filed a motion for summary, judgment with an accompanying memorandum of law and pages from a deposition transcript. The plaintiff, on April 24, 1992, filed a memorandum of law in support of the plaintiffs opposition accompanied by twelve exhibits relating thereto.
The substance of the defendant's claim is that the statute of limitations for the personal injury had expired prior to the bringing of the action.
The plaintiff, on the other hand, by the materials submitted has claimed that the allegations in the complaint CT Page 8665 adequately alleged a continuing negligence by the defendant,
Ferendo Supply Company, which takes it outside of the statute of limitations.
There does not seem to be a dispute with regard to the date of the installation of the cabinets, the date of the plaintiff's injury or the date of the suit. In the material, it is clear that if the normal provisions of 52-584 of the General Statutes requiring the action to be brought within three years of the act or omission complained of this suit would be barred as against this defendant.
The plaintiff's claim is that the allegations of paragraph five of the first count of the complaint dealing with the failure of this defendant to use reasonable and proper precautions to avoid the probability of harm to a person using the plaintiff's kitchen is broad enough to permit a claim of continuing negligence. This court agrees.
Under the law of Connecticut when the wrong sued upon consists of a continuous course of conduct, the statute of limitations limiting the time for bringing the action does not begin to run until the course of conduct is completed. Handler v. Remington Arms, Co., 144 Conn. 316, 321
(1957). Vilcinskas v. Sears Roebuck Company, 144 Conn. 170,174 (1956).
Accordingly the court finds that there exists a genuine issue of material fact and the defendant's motion for summary judgment is denied.
Leuba, J.