[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#112)
In a two-count complaint dated December 23, 1991, the plaintiffs, Ruth Copeland and Edward Harry Copeland, commenced a medical malpractice action against Radiology Associates, Inc. ("Radiology Associates") for a failure to diagnose Ruth Copeland's breast cancer. In April, 1992, the court granted the plaintiffs' request to consolidate this case with the plaintiffs' prior pending case against Martha Kiwak, M.D., formerly of Cromwell Imaging Center.
In count one, the plaintiffs allege that on or about May 30, 1985, Mrs. Copeland presented herself to Radiology Associates for bilateral mammograms of her breasts. The mammograms were interpreted by Carl W. Scheer, M.D., a radiologist employed by Radiology Associates. The plaintiffs allege that in a report dated June 3, 1985, Scheer reported that the mammograms evidenced bilateral fibrocystic disease and that no dominant mass lesions or calcifications were noted.
The plaintiffs further allege in count one that on CT Page 458 September 30, 1988, Mrs. Copeland presented herself to the Cromwell Imaging Center for bilateral mammograms. Plaintiffs allege that the mammogram films taken by Radiology Associates, on June 3, 1985 were reviewed by Cromwell Imaging radiologist Martha Kiwak, M.D. The plaintiffs allege that based upon Kiwak's review of the 1985 mammograms, her comparison of those films and Scheer's report and the 1988 films, Kiwak determined that there was no radiographic evidence of malignancy on the September 30, 1988 films.
Subsequently, the plaintiffs allege, on October 30, 1989, Mrs. Copeland presented herself again to Cromwell Imaging Center for bilateral mammograms. The plaintiffs allege that an interpretation of the films suggested an infiltrated carcinoma of the left breast. A November 2, 1989, biopsy revealed an extensive intraductal carcinoma in the left breast. Mrs. Copeland underwent a modified radical mastectomy, on the left side, on November 8, 1989.
The plaintiffs allege that Radiology Associates breached a continuing duty to correctly interpret the June 3, 1985 mammogram. In addition, the plaintiffs allege that the defendant was negligent for a failure to properly evaluate the plaintiff's breast condition, failure to properly interpret diagnostic tests performed, misdiagnosing the plaintiff's breast condition as non-malignant, failure to properly refer the plaintiff to a specialist, failing to communicate with health professionals involved with her care, failure to inform the plaintiff and other health care providers of the evidence of carcinoma present in the films and failure to recommend appropriate follow-up with her breast condition. As a result of Radiology Associates' alleged negligence, the plaintiffs seek to recover damages.
In count two, Edward Harry Copeland, as the husband of Ruth Copeland, seeks to recover for a loss of consortium due to the alleged negligence of the defendant.
The defendant filed a motion for summary judgment dated June 8, 1992, accompanied by a memorandum of law and supporting documents. The plaintiffs filed a memorandum in opposition dated August 14, 1992. The defendant filed a supplemental memorandum of law dated September 17, 1992.
"`Practice Book Sec. 384 provides that summary CT Page 459 judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914
(1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.' (Citations omitted.) Id., 246-47.
"To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citations omitted.) Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984).
 "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence such an issue. Practice Book Secs. 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. . . ." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984).
Connell, supra, 246, quoting Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982).
The defendant argues that the motion for summary judgment should be granted on the ground that the plaintiffs' action is time-barred by General Statutes Sec. 52-584. The defendant asserts that under General Statutes Sec. 52-584 a medical malpractice action must be commenced, at the very latest, within three years from the date of the alleged wrongful conduct. In the present matter, the plaintiffs allege that the act or omission complained of occurred on May 30, CT Page 460 1985, the date when Radiology Associates allegedly misinterpreted the plaintiff's mammogram. The defendant argues that because the plaintiffs did not commence this lawsuit until December 23, 1991, the action is time-barred pursuant to General Statutes Sec. 52-584 for a failure to be commenced within the three-year period provided.
The plaintiffs argue that the statute of limitations on a malpractice actions does not begin to run so long as there is "continuous treatment" of the patient by a physician and the physician can reasonably expect that his work will be relied upon by other practitioners in determining the mode of treatment. The plaintiffs argue that Kiwak's utilization of Radiology Associates' 1985 mammograms in her September 30, 1988, exam tolled the statute of limitations until September 30, 1988.
The plaintiffs argue that the statute of limitations was tolled because the use of Radiology Associates' 1985 mammograms by Kiwak constituted constructive participation by Radiology Associates which carried forth the date of the act or omission of 1985 to September 30, 1988. The plaintiffs argue that the only issue is whether or not Kiwak's utilization of the 1985 mammograms constituted a "continued activity" sufficient to toll the statute. Such an issue, argue the plaintiffs, is a question of fact for the jury. Therefore, the plaintiffs argue that the motion for summary judgment should be denied.
General Statutes Sec. 52-584 provides:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a CT Page 461 counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
General Statutes Sec. 52-584.
"The statute [Sec. 52-584] requires that the injured party bring suit within two years of discovering the injury. In this context an injury occurs when a party suffers some form of actionable harm." Burns v. Hartford Hospital,192 Conn. 451, 460, 472 A.2d 1257 (1984). The elements necessary for "actionable harm" are: (1) a breach of duty by the defendant; and (2) a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff. Catz v. Rubenstein, 201 Conn. 39, 44, 513 A.2d 98 (1986).
The second part of General Statutes Sec. 54-584 provides that no action be brought more than three years from the date of the act or omission. General Statutes Sec. 52-584. The "act or omission" complained of is the date when the negligent conduct of the defendant occurs and not the date when the plaintiff first sustains the damages. Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 173, 127 A.2d 814 (1956).
In Connecticut, an exception to the three-year statute of limitations exists where the court determines the existence of a continued course of conduct. Handler v. Remington Arms Co., 144 Conn. 316, 321, 130 A.2d 793, 795
(1957) The Connecticut Supreme Court stated that "[w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." Id., 321.
The Connecticut Supreme Court addressed the doctrine of continuing treatment in Connell v. Colwell, 214 Conn. 242,246, 571 A.2d 116 (1990). The court stated:
 `The term malpractice itself may be applied to a single act of a physician or surgeon or, again, to a course of treatment. The Statute of Limitations begins to run when the breach of duty occurs. When the injury is complete at the time of the act, the statutory period commences to run at that time. CT Page 462 When, however, the injurious consequences arise from a course of treatment, the statute does not begin to run until the treatment is terminated.' See 61 Am.Jur.2d, supra, Sec. 320. `The policy underlying the continuous treatment doctrine seeks to maintain the physician/patient relationship in the belief that the most efficacious medical care will be obtained when the attending physician remains from onset to cure.'
Ewing v. Beck, 520 A.2d 653, 659-60 (Del. 1987). Connell, supra, 253.
General Statutes Sec. 52-584, on its face, bars the plaintiffs' cause of action. There is little question that the plaintiffs seek to recover from Radiology Associates for an injury allegedly arising out of the mammograms taken in May 30, 1985. The three-year statute of limitations as set forth in General Statutes Sec. 52-584 barred the plaintiffs' cause of action as of May 30, 1988. The sole act or omission committed by the defendant occurred in the course of the May 30, 1985 mammogram, and the plaintiffs' action was not commenced until December 24, 1991.[1] The plaintiffs failed to satisfy the requirements of General Statutes Sec. 52-584 by not bringing the action within three years of the 1985 mammogram.
Therefore, the sole remaining issue for the court to determine is whether the plaintiffs' alleged injury arose from a continuing course of treatment provided by Radiology Associates which tolled the statute of limitations to the September 30, 1988 examination conducted by Kiwak. "To support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence to the breach of a duty that remained in existence after the commission of the original wrong related thereto." Connell, supra, 255; citing Fichera v. Mine Hill Corporation, 207 Conn. 204, 210, 541 A.2d 472 (1988). "A continuing course of conduct is not the failure of the alleged tortfeasor to notify the plaintiff of his wrongdoing but rather consists of `either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct related to the prior act.'" Connell, supra, 255, citing Fichera, supra, 210. The existence of duty is a question of law. Petriello v. Kalman, 215 Conn. 377, 382-383, 576 A.2d 474
CT Page 463 (1990).
The evidence provided by the plaintiffs, considered in its most favorable light, is insufficient to establish that the defendant provided treatment to the plaintiff after the May 30, 1985, bilateral mammograms. As evidence of continuing treatment, the plaintiffs have provided a statement by Kiwak that she utilized the 1985 mammograms in her September 30, 1988, examination. In addition, the plaintiffs have provided an affidavit by a radiologist that it is customary that mammograms by one radiologist are utilized by a subsequent radiologist for comparison purposes and that the original mammograms can influence the findings of the subsequent radiologist.
However, the plaintiffs' evidence is insufficient to establish that Radiology Associates continued to treat or provided any further mammograms for the plaintiff beyond the May 30, 1985 visit. To the contrary, the plaintiff herself concedes that she had no communication nor contact with the Radiology Associates since she presented herself for the bilateral mammograms on May 30, 1988, other than picking up the mammograms in 1989 in preparation for this suit. (Defendant's Memorandum of Law in Support of Motion for Summary Judgment, Plaintiff's Deposition, pp. 83-85, Exhibit B).
As stated in Fichera, in order to find a continuing course of conduct that may toll a statute, there must be evidence of a breach of duty that remained in existence after the commission of the original wrong. Fichera, supra, 210. Kiwak's statement that she utilized the 1985 mammogram in her 1988 examination and an affidavit from a radiologist on the comparison use of such mammograms does not indicate that Radiology Associates continued to provide treatment to Ruth Copeland beyond 1985. To allow the tolling of the statute of limitations to the date of subsequent examinations performed by a radiologist utilizing x-rays or reports would render the statute of limitations meaningless. Therefore, the defendant's motion for summary judgment is granted.
It is so ordered.
HIGGINS, J.