[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT MOTIONS FOR SUMMARY JUDGMENT AS TO THE THIRD COUNT
This is an action by the plaintiffs who claim the on-site sub-surface sewage disposal system servicing a residence they had purchased has turned out to be defective and inadequate.
Among the defects claimed was that the septic tank was inadequate to serve a house with four to six bedrooms; that the system was failing; that the pump tank was not in compliance with applicable code requirements; that the system design was fundamentally flawed because it utilized a wick process which was inappropriate for sites such as the subject property with a high water table and resting on ledge; that the installation of the system was defective because the fields were located so close to the water table as to render them constantly wet and thereby to CT Page 1450 compromise their effectiveness; and, that the gravel at the edge of the fields was at grade and covered with less than one inch of top soil.
The first count of the amended complaint, filed July 22, 1993, is against the defendant John Bloom, doing business as Dexter-Sutherland Septic Service, for his alleged negligence in the inspection of the sub-surface sewage disposal system done for them before the closing.
The second count is against the Westport-Weston Health District and its Sanitarian, Alan Smith. The plaintiffs claim that these defendants are charged with the responsibility of approving the design and installation of sub-surface, on-site sanitary disposal systems to assure compliance with the applicable codes and to assure adequate and proper design and construction and are authorized to issue permits for such installations.
The plaintiffs allege the negligence of these defendants in that: (a) although they learned on or about November 2, 1990, that the dwelling in question was a "possible six bedroom dwelling" and that the on-site sanitary disposal system utilizing a 1,250 gallon tank was inadequate for a structure of this size and number of bedrooms, they failed to inspect the dwelling and/or the system at that time and they failed to notify the owner of the property or the general public that the size of the tank was inadequate and not as required by Code to serve a six bedroom dwelling, which failures had the effect of concealing such facts from prospective purchasers of the premises, including the plaintiffs; (b) by the acts and failures to act as aforesaid, these defendants entered into, engaged in and persisted in a continuing course of conduct which had the effect of concealing from prospective purchasers and the public at large the defects and inadequacies of the on-site sanitary disposal system and, particularly, the fact that the septic tank was smaller than required to serve what they knew or should have known to be a six-bedroom dwelling; (c) these defendants failed as inspect the system in 1990 or thereafter, upon learning that the septic tank was smaller than required by Code and thereby they failed to detect that effluent was escaping from the septic system to the surface; (d) they failed to identify and recognize the design flaws in the 1989 repairs to the system or its inappropriateness to and inadequate size for the subject property; (e) in 1989, at the time of the last prior repairs for which they issued permits, CT Page 1451 they failed to adequately inspect the system to insure that it was constructed in accordance with the design that they had approved and for which they had issued permits; and (f) at the time of approval and issuance of permits for repairs to the system in or about January 1989, and thereafter, until the time of the plaintiffs' purchase in January, 1991, they failed continuously to exercise that degree of care and/or supervision reasonably to be required of a public official or a public agency having the responsibilities with which they are charged.
In the third count, the plaintiffs allege that the Town of Westport and the Town of Weston, having joined to form the Westport-Weston Health District, are jointly liable under the provisions of General Statutes Sec. 7-465 (b) for the acts and omissions of the Westport-Weston Health District and its employees.
The defendant Towns of Weston and Westport have moved for summary judgment on the third count because the actions in that count having been based on General Statutes 7-465 (b) was not brought within the statute of limitations established by7-465 (a). Moreover, since the alleged actions of the municipal employee challenged in the present action were discretionary and were undertaken in good faith, the defendants are entitled to qualified immunity established by General Statutes 52-557n (a)(2)(B).
"`The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact'; (internal quotation marks omitted) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334
(1991); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); `it [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists.' Connell v. Colwell, 214 Conn. 242, 251,571 A.2d 116 (1990). `The presence of an alleged adverse claim is not sufficient to defeat a motion for summary judgment.' Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980); Real CT Page 1452 Estate Auctions, Inc. v. Senie, 28 Conn. App. 563, 567,611 A.2d 452 (1992). Moreover, `[i]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.' (Internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Page 210 Lane Associates, supra, 781, quoting Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984)." Wadia Enterprises, Inc. v. Hirschfeld, 224 Conn. 240, 246-47,618 A.2d 506 (1992); Pinheiro v. Board of Education, 30 Conn. App. 263,267-68, 620 A.2d 159 (1993)." Nardi v. AA Electronic Security Engineering, 32 Conn. App. 205, 209-210 (1993).
The defendant Towns' motions for summary judgment addressed an earlier amended complaint in which the plaintiff had complained that the sanitarian, Alan Smith, on behalf of the Westport Weston Health District issued permits, accepted and approved an "as built" plan for the disposal system in February, 1989, and that the hidden defects in the system were only discovered by the plaintiff in the exercise of due diligence in June, 1991. On the basis of those allegations, the towns moved for summary judgment, claiming (1) that the action was barred by the two year statute of limitations applicable to claims against a municipality and it employees and (2) that the Towns are entitled to a statutory qualified immunity since the acts of its employees were not committed recklessly.
The statute of limitations argument is based on an assertion that since the acts of negligence involved the acceptance and approval of the disposal system by the sanitarian in February, 1989 and the action was not commenced until June, 1991, the action is patently barred by the limitations on actions against municipalities and employees contained in General Statutes7-465 (a).
That section provides in pertinent part as follows:
 7-465. Assumption of liability for damage caused by employees or members of local emergency planning districts. Joint liability of municipalities in district department of health or regional planning agency. (a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of section 7-308, and on behalf of any member from such municipality of a local emergency planning CT Page 1453 district, appointed pursuant to section 22a-601, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty . . . . No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued. (Emphasis supplied).
The second basis for the motion for summary judgment is founded on the qualified immunity granted to municipalities under the provisions of General Statutes 52-557n (b)(7).
That section reads in pertinent part:
52-557n. Liability of political subdivision and its employees, officers and agents. Liability of members of local boards and commissions.
(a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; . . .
(b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . . (7) the issuance, denial, suspension or revocation of, or failure or CT Page 1454 refusal to issue deny suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety; . . . . (Emphasis added).
The Towns assert that this court recognized the applicability of this section when it ruled on an earlier motion to strike. The plaintiffs, in response to interrogatories, have explicitly disclaimed that the actions challenged amounted to reckless disregard for health or safety. Accordingly, because the plaintiffs' claims amount to no more than negligence in the approval of plans submitted to a municipal employee, without the requisite showing of recklessness, the towns claim they are entitled to the qualified immunity conferred on them by General Statutes 52-557n (b)(7).
In addition, because the towns concede that the complaint might be read to include claims of negligent inspection of their property by the sanitation inspector, they claim further that they are entitled to qualified immunity conferred for any such negligent inspection by the exception provided by General Statutes 52-557n (b)(8). That subsection reads:
(b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall net be liable for damages to person or property resulting from: . . . (8) failure to make an inspection or making an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances; . . . .
The defendants assert that the plaintiffs, in their compliance with first set of interrogatories and production requests at 6, no. 8(b), admitted the Towns had no notice that the septic tank was too small for the number of bedrooms until CT Page 1455 November 2, 1990. The assertion of the Towns is that while the plaintiffs claim they were harmed by negligent acts committed in February, 1989, the Towns had no notice of any violation of the law or existence of hazards to health or safety at that time. The plaintiffs pleadings and responses indicate that the Towns did not learn of the violations or hazards until 21 months after the alleged negligent acts. Therefore, the municipalities maintain they are shielded from liability by General Statutes52-557n (b)(8).
The plaintiffs contend that the amended complaint and the deposition extracts and affidavits offered in support of their claims raise issues of material facts.
For example, they have alleged that there was a continuous course of conduct in the negligence alleged in the complaint that course of conduct persisted through the discovery by plaintiffs, shortly after they had purchased the properly January, 1991, that the septic for the premises was defective and inadequate for a six-bedroom dwelling.
The plaintiffs allege that there was a breach of duty by the defendants in negligently approving the septic system in February, 1898, and, upon learning in November, 2, 1990, that the dwelling would have possibly six bedrooms for which the septic system utilizing a 1,250 gallon tank was inadequate and defective, a breach of duty in subsequently failing to notify the owners of the home and the public as required by the Code.
"To support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. Where we have upheld a finding that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." Fichera v Mine Hill Corporation, 207 Conn. 204, 210, 541 A.2d 472 (1988).
The plaintiffs have presented the deposition of Alan Smith, Sanitarian for the District, which they claim shows mat that it had been a practice of the District to notify the owners and the CT Page 1456 public upon becoming aware that a particular system is inadequate for the premises it serves by recording a notice on the land records indicating that inadequacy. The deposition of Mr. Smith also indicated that the District Sanitarian learned that the house was a six bedroom house for which the tank was inadequate on November 2, 1990, but took no action.
The plaintiffs appear to claim that this neglect to file the customary notice on the land records compounded the original negligent failure to inspect and fits within the Fichera requirement of a later wrongful conduct related to the prior act.
The plaintiffs have also presented the affidavit of Peter Romano, an engineer, that the system failed to comply with the Health Code and that the system defects were hidden until he had found that the system was on failure in April, 1991.
It is the contention of the plaintiffs that the third count alleges that the defendants failed to adequately inspect the septic system after they had notice of its inadequacy in November, 1991. The plaintiffs claim that, because the defendants were aware that the system was inadequate and in violation of the Health Code and yet failed to take any action after the sanitarian had notice of the defect which contained a hazard to health or safety, the immunity protection afforded by General Statutes 52-557n (b)(8) is removed, since that immunity is effective only "unless the political subdivision had notice of such violation. ."
Our Supreme Court has stated that "In Handler v. Remington Arms Co., 144 Conn. 316, 321, 130 A.2d 793 we said: `When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed. Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170,174, 127 A.2d 814.'" Giglio v. Connecticut Light Power Co.,180 Conn. 230, 241, 429 A.2d 486 (1980).
Because the amended complaint (which the defendants had not really had an opportunity to address) and the exhibits presented by the plaintiffs raise factual issues which could defeat the claims of immunity and the special defense of limitation of action raised by the defendant towns, the court is limited in addressing those issues to ascertaining if the issues exist.
"In ruling on a motion for summary judgment, the court's CT Page 1457 function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski,206 Conn. 495 500 538 A.2d 1031 (1988). If a genuine issue exists, it must be left to a later determination after a full hearing. Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752 (1982)." Siudyla v. Chemexec Relocation Systems, 23 Conn. App, 180, 184,579 A.2d 578 (1990).
Because the factual issues exist, the motions for summary judgment are denied.
NIGRO, J.