[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs brought this action in six counts as alleged in their final amended complaint date February 20, 1998, which amended, for the third time, the original complaint dated April 11, 1997.
The first count alleges breach of a 1996 contract; the second count, negligence in the performance of the 1996 contract; the third count, fraudulent misrepresentation relating to the 1996 contract; the fourth count, breach of a 1993 contract; the fifth count negligence in the performance of the 1993 contract; and, the sixth count fraudulent misrepresentation relating to the 1993 contract.
After the close of the evidence, the court dismissed the first, second, third and sixth counts of the plaintiffs complaint on the grounds that the plaintiff failed to prove the existence of a 1996 contract, by a preponderance of the evidence, and failed to prove by clear and convincing evidence any fraudulent misrepresentations by the defendant, Charles Pytlik. CT Page 5472
Left to be adjudged by the court are the fourth count, sounding breach of a 1993 contract and the fifth count, sounding in negligence in the performance of the 1993 contract.
Based upon the preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, rational and lawful inferences to be drawn therefrom the court find, determines, concludes and rules as follows:
The court expressly finds that the last date on which the defendant performed work or delivered material with regard to the 1993 contract was prior to April 8, 1994, the date of the defendant's final invoice to the plaintiff. Any act of negligence, would have had to occur prior to April 8, 1994. The court rejects the plaintiffs' contention that, in a negligence claim, the statute of limitations runs from the date the plaintiff made its last payment under the parties agreement. It is well established that the date on which the alleged act of negligence occurs is the date upon which the time limitations enunciated in General Statutes Section 52-577 begins to run. Vilcinskas v. Sears, Roebuck, 144 Conn. 170, 172 ___ A ___, [127 A.2d 814], (1956). The plaintiffs complaint was dated April 11, 1997.
Accordingly, as to count five of the plaintiffs complaint, judgment should enter for the defendant because the plaintiffs claim of negligence is time barred by the applicable statute of limitations of General Statutes Section 52-577.
The plaintiffs last remaining count four alleges breach of an oral contract on the part of the defendant.
The evidence adduced at trial indicates that the parties original 1993 oral contract called for the defendant to construct a sun room over an existing deck. The plaintiff testified that he wished to cover the deck and construct the sun room, in part, because he wanted to curtail any further deterioration of the deck by its exposure to the weather. Part of the deck was attached to an overhang that extended approximately three feet past the foundation. The overhang encompassed, in part, a fireplace and a framed chaser lined with a double layer of sheet rock all of which added weight to the overhang.
In addition to the construction, the parties agreed that the defendant would also enclose the area under the former deck, now the sun room.
While working on the addition under the sun room and overhang, CT Page 5473 the defendant noticed and brought to the attention of the owner, plaintiff, that the overhang had deflected downward which resulted in that area being lower than the rest of the proposed ceiling in the lower enclosure.
In order to remedy the situation, the defendant offered three alternatives to the owner; support posts could be installed, the overhang joists could be replaced, or acceptance of the condition and shaving the existing joists to improve the appearance of the ceiling for the addition below.
The owner and the defendant agreed that the condition should be remedied by shaving the joists. The owner did not agree to additional posts or any replacement of joists.
After the defendant shaved the joists and installed the ceiling in the addition, there was further deflection that resulted an uneven appearance in said ceiling.
Although the owner rejected the alternatives suggested by the defendant, he now wishes to hold the defendant liable for further deflection in the overhang and the resulting unevenness of the ceiling.
The owner, in essence, wishes to blame the defendant for performing the contract in the manner in which they mutually agreed.
Further, during his testimony, the owner stated that he was not particularly concerned with the deflection because it was cosmetic in nature. He stated he was more concerned with the settlement of the main portion of the house which was not subject to the 1993 contract.
The court finds that the defendant substantially completed the contract he entered into with the plaintiff owner including the bilateral decision of the parties to ameliorate the deflection problem by shaving the joists.
Judgment may enter for the defendant on all counts of the plaintiffs complaint.
___________________ SPALLONE JUDGE TRIAL REFEREE