[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, Charles B. Beckman (Beckman), moves to strike count two of the third amended complaint (the complaint), pursuant to Practice Book § 10-39, et seq. CT Page 5372
In this medical malpractice action, the plaintiffs, Roger Michaud and Raymond Michaud, co-executors of the estate of Muriel Michaud (the plaintiffs), seek damages arising from the alleged malpractice of Beckman and the Hospital of St. Raphael (HSR). The plaintiffs filed the four-count complaint on September 18, 2000; counts one and two allege negligence on the part of Beckman, and counts three and four allege negligence on the part of HSR.[1] The gravamen of the complaint, the allegations which must be accepted as true for the purposes of this motion, is that the defendants' negligent medical treatment and performance of a surgical procedure caused the death of the plaintiffs' decedent.
Beckman moves to strike count two on the ground that the allegations made in that count do not relate back to the original complaint, therefore, it is barred by the statute of limitations set forth in General Statutes § 52-555.[2] The plaintiff objects, arguing that: (1) the motion to strike is untimely;[3] and (2) a motion to strike is not the proper vehicle upon which to address the statute of limitations.
A motion to strike challenges the legal sufficiency of the complaint.Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). The court "must take as true the facts alleged in the [plaintiffs'] complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro, 31 Conn. App. 235,239, 624 A.2d 389 (1993). See also Practice Book § 10-50. "In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the [s]tatute of [l]imitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone)' (Citations omitted; internal quotation marks omitted.) Forbes v.Ballaro, supra, 31 Conn. App. 239-40.
Beckman argues that it is proper to raise the statute of limitations by way of a motion to strike because: (1) the parties agree to the date the plaintiffs' decedent underwent surgery and the date of her death; and (2) CT Page 5373 the plaintiffs are bringing this, action pursuant to General Statutes § 52-555. (Beckman's Memorandum, p. 3.) The parties in the present case have not agreed "that the complaint sets forth all the facts pertinent to the question whether the [claim] is barred by the [s]tatute of [l]imitations. . . ." Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170,171-72, 127 A.2d 814 (1956) (allowing the statute of limitations defense to be raised by a motion to strike because the parties agreed that the complaint set forth all the facts necessary to determine whether the statute of limitations defense applied). See also Forbes v. Ballaro, supra, 31 Conn. App. 240 (reversing the granting of the defendant's motion to strike because "[t]he complaint did not state facts that the plaintiffs believed would toll the statute of limitations on their claims"). The plaintiffs argue that "there is an issue of fact as to when the plaintiffs learned of the malpractice." (Plaintiffs' memorandum, p. 7.) Because the parties have not agreed on all the facts necessary to determine whether the statute of limitations defense applies, Beckman's claim that count two is barred by the applicable statute of limitations must be pleaded as a special defense, and not raised by a motion to strike.
Accordingly, the motion to strike is denied
By the Court,
Kevin E. Booth, Judge of the Superior Court