[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 (MOTION TO STRIKE)
The defendant has filed a motion to strike each of the three counts of the plaintiff's revised complaint dated October 30, 2000 alleging, among other things, that the plaintiff's action is barred by the statute of limitations, General Statute § 52-577 and General Statutes §42-110g(f)
The First Count of the revised complaint alleges a course of action in defamation. The Second Count alleges a claim for intentional infliction of emotional distress. The Third Count alleges a violation of the Connecticut Unfair Trade Practices Act in violation of General Statutes § 42-110g.
The plaintiff has brought the action against the defendants Total Lighting Services, LLC and Brian Sheehan, the manager . . . owner and/or sole proprietor of Total Lighting Services, LLC. The plaintiff alleges that on or about December 11, 1996, the defendants falsely identified the CT Page 7665 plaintiff as the licensed electrical "contractor of record" for Total Lighting during the period of November 1, 1995 through November, 1996, in response to interrogatories served upon the defendants on or about November 1, 1996 by the Department of Consumer Protection (hereinafter "DCP").
Plaintiff alleges that as a result of the defendants' false statement, the State of Connecticut accused him of causing electrical work to be performed at Naugatuck High School between March and November, 1996. The work was allegedly done by persons improperly licensed for such work. The charges by the State of Connecticut exposed the plaintiff to potential penalties from the State of Connecticut.
Plaintiff alleges that, as a result of the defendants' actions, he has been damaged by the defendants' false statements because he had to hire an attorney to defend himself against the charges brought by the State of Connecticut. He also alleges damage to his reputation and the "good will" of his business. In addition, the plaintiff claims he has suffered "worry and anxiety over the potential loss of his livelihood."
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled CT Page 7666 to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
Ordinarily, a claim that an action is barred, by a statute of limitations must be pleaded as a special defense and not raised in a motion to strike. Forbes v. Ballard, 31 Conn. App. 235, 624 A.2d 389
(1993). However, where the complaint sets forth all facts pertinent to the question of whether the action is barred by the statute of limitations, it is proper to raise that question by a motion to strike instead of by way of an answer. Vilcinskas v. Sears, Roebuck Co.,144 Conn. 170, 171-172, 127 A.2d 814 (1956).
The plaintiff's Revised Complaint dated October 30, 2000 was filed on November 1, 2000. On November 30, 2000, the plaintiff filed a motion to extend time to respond and object to the motion to strike. Plaintiff's request for more time was granted by the court (Ripley, J.) on December 11, 2000. The court gave the plaintiff until January 17, 2001 to object to the motion to strike and to file a memorandum of law pursuant to[1]
Practice Book § 10-42(b). The plaintiff, to date, has failed to file an objection to the defendants' motion to strike and has failed to file a memorandum of law.
Although the failure to file an opposing memorandum will not necessarily be fatal and the court may address the merits of the motion to strike, the filing of the memorandum is mandatory and failure to file it may serve as a ground for granting the motion to strike. Corbin v.Arcadia Financial, Ltd., Superior Court, Judicial District of Waterbury, Docket No. 151811 (March 30, 2000, Leheny, J.); Danielson v. CummingsInsulation Co., Superior Court, Judicial District of Fairfield, Docket No. 375887 (November 15, 2000, Moran, J.). On February 7, 2001, the defendants objected to the plaintiff's failure to file an opposing memorandum of law. The court, however, feels it has the discretion to consider the motion on its merits despite the plaintiff's inaction in this matter.
The defendants argue that the First and Second Counts of the plaintiff's Revised Complaint are barred by the statute of limitations pursuant to General Statutes[2] § 52-577. The court agrees with the defendants. The causes of action the plaintiff is alleging in the Count One and the Count Two are tort claims arising from the allegedly false identification of the plaintiff as "contractor of record" in the information provided to the DCP on or about December 11, 1996. Neither defendant is alleged to have performed any wrongful act subsequent to CT Page 7667 December 11, 1996, nor is it alleged that they tried to fraudulently conceal their acts. General Statutes § 52-577 applies to intentional torts.
The plaintiff's original cause of action was commenced by service of process on the defendants more than three years after the actions by the defendants, and therefore the First and Second Counts based on alleged intentional torts are hereby barred by General Statutes § 52-577.
The Third and remaining count of the plaintiff's action alleges that the behavior of the defendants, as discussed herein, constitutes a violation of the[3] Connecticut Unfair Trade Practices Act, General Statutes § 42-110g. However, General Statutes § 42-110g(f) states "An action under this section may not be brought more than three years after the occurrence of a violation of this chapter." Once again, the behavior of the defendants, which is the basis of the action, allegedly occurred on or about December 11, 1996. Therefore, any action by the plaintiff is subject to the three year limitation of action proviso in General Statutes § 42-110g(f). As the plaintiff failed to commence his action within this three year limit, the CUTPA claim in Count Three is also barred.
Accordingly, the defendants' motion to strike Count One, Count Two and Count Three of the plaintiff's Revised Amended Complaint is hereby granted.
THE COURT
by ARNOLD, J.