[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This case arises out of a motor vehicle collision between the plaintiff, Carolyn McKee, and the defendant, Jose Correia. The plaintiff filed a three count complaint dated February 20, 1996 (original complaint), against defendant Correia and another named defendant, Ravan Transport, Inc. (Ravan). The first count of the original complaint sounded in negligence and was asserted against Correia, and the second and third counts sounded in negligence and were asserted against Ravan, based upon Ravan's alleged employment or business relationship with Correia. On December 2, 1999, the court granted the plaintiffs request to CT Page 157 file an amended complaint, over the defendants' objection. The plaintiffs amended complaint, dated November 5, 1999, contains six counts: the first count sounds in negligence and is asserted against Correia; the second and third counts sound in negligence and are asserted against Ravan; the fourth count alleges that Correia was negligent as a matter of law, based upon violations of § 392.14 of title 49 of the Code of Federal Regulations;[1] and the fifth and sixth counts are asserted against Ravan and allege that Ravan is responsible for Correia's alleged violations of § 392.14 of the Code of Federal Regulations. After the plaintiff amended her complaint, this case was removed to federal court and then remanded back to this court.[2]
The defendants filed a motion to strike the fourth, fifth and sixth counts of the plaintiffs amended complaint on the ground that these counts violate the applicable statute of limitations[3] because they allege new, additional and different facts from those identified in the plaintiffs original complaint, and the resulting causes of action do not relate back to the original complaint.
In reviewing a motion to strike, the court may only consider the grounds set forth in the motion. Blancato v. Feldspar, 203 Conn. 34, 44,522 A.2d 1235 (1987). "The Purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997); see also Practice Book § 10-39. "It is fundamental that in determining the sufficiency. of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Doe v. YaleUniversity, 252 Conn. 641, 667, 748 A.2d 834 (2000). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000).
The defendants argue that their motion to strike is the proper procedural vehicle to challenge the plaintiffs inclusion of counts four, five and six in her amended complaint, after the expiration of the applicable statute of limitations in this action. Therefore, the defendants maintain that this court should determine whether counts four, five and six of the plaintiffs amended complaint relate back to the date of the plaintiffs original complaint. The defendants contend that these counts — based upon violations of federal law — assert new causes of action that do not relate back to the plaintiffs original complaint. Consequently, the defendants conclude that counts four, five and six of the amended complaint must be stricken as violative of the CT Page 158 applicable statute of limitations.
In response, the plaintiff argues that the defendants' motion is procedurally improper and that, she should be given the opportunity to plead in avoidance of any statute of limitations defense. The plaintiff contends that the complaint does not allege all of the facts pertinent to the statute of, limitations question raised by the defendants' motion to strike and therefore, the defendants' motion should be denied. In support of these arguments, the plaintiff relies upon the case of Forbes v.Ballaro, 31 Conn. App. 235, 624 A.2d 389 (1993). See id., 239-41 (holding that motion to strike could not be used to raise statute of limitations issue where parties did not agree that complaint set forth all facts pertinent to issue, stating that "the plaintiffs, if they wish, should be given an opportunity to plead avoidance of the statute of limitations."). Furthermore, the plaintiff maintains that counts four, five and six of the amended complaint simply allege negligence as a matter of law; based upon violations of federal law, and that these counts arise out of the same group of facts as those alleged in the original complaint. The plaintiff concludes that these counts relate back to the original complaint and do not assert new causes of action and therefore, the defendants' motion should be denied.
The court notes that in Gurliacci v. Mayer, 218 Conn. 531, 590 A.2d 914
(1991), the Connecticut Supreme Court explained that Connecticut's relation back doctrine "is akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part: `. . . Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.'" Id., 547. "The policy behind rule 15(c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford. . . . Because rule 15 provides that an amendment relates back where the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims, is fully served." (Citations. omitted.) Id., 547-48.
Accordingly, the bar of the statute of limitations is avoided if an amendment to a pleading can be said to relate back to the date of the original pleading: "[A]mendments relate back to the date of the complaint unless they allege a new cause of action." (Emphasis added.) Giglio v.Connecticut Light Power Co., 180 Conn. 230, 239, 429 A.2d 486 (1980). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the CT Page 159 plaintiff to relief." Gurliacci v. Mayer, supra, 218 Conn. 546-47. "A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts: which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." Id., 547 (defendant's specialdefense involving statute of limitations did not bar plaintiff from amending negligence complaint to add allegations that defendant acted either willfully, wantonly and maliciously, or outside scope of employment); Giglio v. Connecticut Light Power Co., supra,180 Conn. 237-240 (court properly allowed plaintiff to amend complaint more than seven years after alleged accident occurred since amendment did not allege a new cause of action); see also Lominy v. Curtis, Superior Court, judicial district of Waterbury, Docket No. 13999836 (December 2, 1999, Doherty, J.) (statute of limitations did not bar plaintiffs fromamending negligence complaint to add two counts alleging negligence as a matter of law based upon violations of federal law,49 C.F.R. § 350-399, since additional counts described same event and parties as earlier negligence counts and did not assert new causes of action).[4]
Notwithstanding the foregoing, "[a] claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." (Emphasis added.) Forbes v.Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993); see also Practice Book § 10-50. "In two limited situations, however, [the court] will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when [t]he parties agree that the complaintsets forth all the facts pertinent to the question whether the action isbarred by the [s]tatute of [l]imitations and that, therefore, it isproper to raise that question by [a motion to strike] instead of byanswer. . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Citations omitted; emphasis added; internal quotation marks omitted.) Forbes v. Ballaro, supra,31 Conn. App. 239-40.
The defendants argue that the first exception described in Forbes v.Ballaro, supra, applies in the present case. The defendants argue that the only fact that is relevant to the statute of limitations inquiry is the date of the motor vehicle collision, and they concede that the collision occurred on February 23, 1994. (Defendants' memorandum dated CT Page 160 July 26, 2001, p. 4.) This same date is alleged as the date of the motor vehicle collision in all six counts of the plaintiffs amended complaint and, according to counts four, five, and six, it is also the date that the defendants allegedly violated § 392.14 of title 49 of the Code of Federal Regulations. Consequently, the defendants maintain that their motion to strike is the proper vehicle by which to challenge the plaintiffs inclusion of counts four, five and six in the amended complaint, after the expiration of the applicable statute of limitations in this action. In response, as indicated above, the plaintiff argues that the complaint does not allege all of the facts pertinent to the statute of limitations question raised by the defendants' motion to strike. The plaintiff maintains that the defendants' motion is improper.
The court notes that the parties have not asserted which statute of limitations arguably applies to this action, and the defendants have not asserted which statute of limitations is arguably violated by the plaintiffs inclusion of counts four, five and six in her amended complaint. Moreover, this court notes that under Connecticut law, contrary to the defendants' assertions, the date of the alleged motor vehicle collision is not necessarily the only fact that is relevant to a determination of whether a particular statute of limitations has lapsed. See e.g., General Statutes § 52-584 (limitation of action for injury to person or property contemplating date when injury is sustained or discovered);[5] General Statutes §§ 52-590 — 52-595 (statutory tolling provisions applicable in certain circumstances).
Furthermore, the court finds that the parties in the present case have not agreed that the complaint sets forth all the facts pertinent to the question whether any counts of the plaintiffs amended complaint are barred by any statute of limitations. See Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 171-72, 127 A.2d 814 (1956) (allowing statute of limitations defense to be raised by motion to strike because parties agreed that complaint set forth all facts necessary to determine whether statute of limitations defense applied); Forbes v. Ballaro, supra,31 Conn. App. 240 (reversing trial court's decision granting defendant's motion to strike because "[t]he complaint did not state facts that the plaintiffs believed would toll the statute of limitations on their claims," and therefore, parties did not agree that complaint set forth all facts pertinent to statute of limitations inquiry); see alsoCo-Executors of the Estate Michaud v. Beckman, Superior Court, judicial district of New Haven at Meriden, Docket No. 268302 (April 17, 2001,Booth, J.) (holding that "[b]ecause the parties have not agreed on all the facts necessary to determine whether the statute of limitations defense applies, [the defendant's] claim that [a particular count] is barred by the applicable statute of limitations must be pleaded as a special defense."); Gardella v. Metropolitan Life Insurance, Superior CT Page 161 Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150585 (January 20, 2000, D'Andrea, J.) (court denied defendant's motion to strike raising defense of statute of limitations where "plaintiffs expressed that there is no agreement between the parties that all facts necessary to a determination of the statute of limitations issue have been set forth.").
Consequently, for the foregoing reasons, the court finds that the defendants' motion does not fall within the claimed exception allowing the defense of statute of limitations to be raised by a motion to strike. The court will not address the parties arguments concerning whether counts four, five and six of the plaintiffs amended complaint relate back to the original complaint or whether the counts violate any applicable statute of limitations. The defendant's motion to strike is denied.
So Ordered.
D'ANDREA, J.T.R.