[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Before the court is the defendant electrician's motion for summary judgment which urges the court to grant him judgment as a matter of law because the plaintiffs' negligence case is barred by the repose portion of the statute of limitations applicable to negligence actions, General Statutes § 52-584. The plaintiffs counter that the statute of limitations has been tolled by a continuing course of the defendant's negligent conduct and even if not tolled, cannot bar the plaintiffs' claim because § 52-584
violates the Connecticut Constitution, Article First, §10 by effectively eliminating a right of action in existence at the time of adoption of the state constitution in 1818. The court holds (1) that the statute bars the claim; (2) there is no material issue of fact about whether the continuing course of conduct tolled the statute since the plaintiffs have not alleged much less shown the court any evidence to indicate that the defendant knew of the alleged mistaken installation, or alternatively that there was some "special relationship" between the parties or that the product itself was inherently dangerous and without one of these there could be no continuing duty to warn or remedy; and (3) the plaintiffs have not shown § 52-584 to be unconstitutional beyond a reasonable doubt. Summary judgment is therefore granted in the defendant's favor against the plaintiffs.
The plaintiffs filed a complaint against the defendant alleging the negligent installation of an electrical distribution panel in the plaintiffs' home at sometime before January 10, 1994. The plaintiffs allege that on January 10, 1994, this negligent installation caused a fire in their home, resulting in damage to real and personal property. The plaintiffs further allege that subsequent to the installation of the electrical panel the defendant "returned to the . . . property to service CT Page 2717 the electrical system."
The defendant interposed a special defense to the complaint, pleading the bar of § 52-584, the statute of limitations. The defendant filed his affidavit and relevant portions of his deposition testimony in support of his motion, which indicate that the installation of the electrical distribution panel took place in July of 1989. Since the plaintiffs commenced suit in November of 1995, more than six years after the alleged negligent act or omission, the defendant asserts that the three-year statute of limitations has elapsed. The plaintiffs seek to avoid the three year bar. In response, the plaintiffs filed their objection to the defendant's motion for summary judgment and memorandum asserting that (1) the repose portion of § 52-584
does not bar their claim because the "continuous course of conduct" doctrine tolled the three-year statute of limitations period, as the defendant did subsequent electrical work for the plaintiffs, the latest of which occurred in July of 1993, or had a general continuing duty to warn the plaintiff of the negligent installation, and (2) the repose portion of § 52-584 cannot be constitutionally applied to the plaintiffs' negligence claim because it would operate to foreclose any opportunity for the plaintiffs to seek redress in the courts for an otherwise actionable claim. In support of their motion the plaintiffs included relevant deposition testimony of Anibal Brito, a copy of the complaint and a Superior Court Memorandum of Decision.
Certain rules of law pertain particularly to consideration of the motion before the court. "Practice book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Thompson Peck Inc. v. Division Drywall. Inc., 241 Conn. 370, 374,696 A.2d 326 (1997). "A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe,Inc., 196 Conn. 529, 543, 494 A.2d 555 (1985). "Summary judgment may be granted where the claim is barred by the statute of limitations"; Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996); where the "material facts concerning the statute of CT Page 2718 limitations [are] not in dispute . . . ." Burns v. HartfordHospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue. . . . [S]ee Practice Book §§ 380 and 381." (Internal quotation marks omitted.) Beers v. BaylinerMarine Corp., 236 Conn. 769, 771 n. 4, 675 A.2d 829 (1996). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of [an issue of] material fact and, therefore cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp., 233 Conn. 732, 745, 660 A.2d 810 (1995). "To oppose a motion for summary judgment successfully the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) Connecticut National Bank v. Great Neck DevelopmentCo., 215 Conn. 143, 148, 574 A.2d 1298 (1990). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone,44 Conn. App. 657, 663, 691 A.2d 1107 (1997). A party's conclusory statements, "in the affidavit and elsewhere," may not "constitute evidence sufficient to establish the existence of disputed material facts." Gupta v. New Britain General Hospital,239 Conn. 574, 583, 687 A.2d 111 (1996). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.)2830 Whitney Avenue Corp. v. Heritage Canal DevelopmentAssociates. Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).
In his motion for summary judgment, the defendant argues that the plaintiffs' claim for negligent installation of the electrical distribution panel is barred by the repose portion of the statute of limitations for negligence actions, General Statutes § 52-584. The repose portion of § 52-584
provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . may be brought more than three years from the date of the act or omission complained of . . . ." General Statutes § 52-584. "The relevant `date of the act or omission complained of,' as that phrase is used in CT Page 2719 § 52-584, is `the date when the negligent conduct of the defendant occurs and . . . not the date when the plaintiff first sustains damage.'" Blanchette v. Barrett, 229 Conn. 256, 265,640 A.2d 74 (1994), quoting Vilcinskas v. Sears, Roebuck Co.,144 Conn. 170, 173, 127 A.2d 814 (1956). "The statutory clock on this three year time limit begins running when the negligent conduct of the defendant occurs. . . . Consequently, an action may be time barred even if no injury is sustained during the three years following a defendant's act or omission." (Citation omitted.)Nardi v. AA Electronic Security Engineering, Inc.,32 Conn. App. 205, 210-11, 628 A.2d 991 (1993). "The three-year time limit is a statute of repose because it specifies the time limit beyond which an action under § 52-584 is absolutely barred." Riverav. Fairbank Management Properties, Inc., 45 Conn. Sup. 154, 158, 20 CONN. L. RPTR. 338 (1997).
In their objection to the defendant's motion for summary judgment, the plaintiffs argue that although § 52-584 is a statute of repose which would normally bar a claim on an act or omission alleged to have occurred in excess of three years prior to commencement of suit, the statute of limitations should be tolled under the "continuing course of conduct" doctrine.
Under proper circumstances the statute of limitations "may be tolled under . . . the continuing course of conduct doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date." Blanchette v. Barrett, supra, 229 Conn. 265.
However, "[i]n order [t]o support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such wrong. . . . Where [the Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty [or an inherently dangerous product] or some later wrongful conduct of a defendant related to a prior act." (Internal quotation marks omitted.) Id., 275. "The continuing course of conduct doctrine reflects the policy that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied."Id., 276. "For example, the doctrine is generally applicable CT Page 2720 under circumstances where `[i]t may be impossible to pinpoint the exact date of a particular negligent act or omission that caused injury' or where the negligence consists of a series of acts or omissions and it is appropriate to allow the course of [action] to terminate before allowing the repose section of the statute of limitations to run . . . .'" Sanborn v. Greenwald,39 Conn. App. 306, 295-96, 664 A.2d 803, cert. denied, 235 Conn. 925,666 A.2d 1186 (1995), quoting Blanchette v. Barrett, supra, 229 Conn. 277.
The plaintiffs do not allege in their complaint or in their objection to the defendant's motion for summary judgment that there existed a "special relationship" between themselves and the defendant to implicate the first type of continuous course of conduct recognized by the courts. Indeed, although "[w]hat is meant by the special relationship' required by this principle is not clear . . . it does mean something more than evidence of either a terminated . . . or on-going relationship. " Rivera v.Fairbank Management Properties Inc., supra, 45 Conn. Sup. 159 20 CONN. L. RPTR. 338, n. 1. At least one Superior Court case has analyzed the question of the existence of a "special relationship" for purposes of the continuing course of conduct doctrine in terms of whether a fiduciary or confidential relationship existed between the parties. Van Deusen v. Dratch, Superior Court, judicial district of Litchfield, Docket No. 068758 (May 7, 1996) (Pickett, J.). "`A fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other . . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him.'" Id., quoting Dunham v. Dunham, 204 Conn. 303, 322, 528 A.2d 1123
(1987). In the present case, there is no allegation by the plaintiffs that any special relationship existed between themselves and the defendant, nor does the evidence as construed in a light most favorable to the plaintiffs reveal such a relationship. Therefore, the court will turn to the next possible basis for their continuing course of conduct argument namely that the defendant engaged in some subsequent wrongful conduct related to the prior act of the improper installation of the electrical distribution panel. See Blanchette v. Barrett, supra,229 Conn. 275.
The plaintiffs allege in their objection to the defendant's motion for summary judgment, supported by the defendant's affidavit and deposition testimony, that the defendant did work CT Page 2721 for the plaintiffs, at the plaintiffs' request, on three separate occasions subsequent to the original installation of the faulty electrical panel. Construed in a light most favorable to the plaintiffs, this work consisted of (1) twice resetting a blown fuse on a "GFI outlet" in the upstairs bathroom of the plaintiffs' house by pressing the reset button on the outlet, once "[a]pproximately a year and a half after the installation of the panelbox" and once "about a year later," for which the defendant apparently neither asked for nor received compensation, and (2) replacing a three-way light switch in the stairway of the house leading from the first floor to the second floor in July of 1993, for which the defendant received $45.00. The plaintiffs do not allege that the defendant's conduct with regard to the subsequent work done at the house was itself faulty or wrongful. Nor do the plaintiffs allege that the defendant did any work whatsoever on the panel, or any work even in the vicinity of the panel on such subsequent visits. Rather, the plaintiffs argue that because the defendant completed electrical work on the plaintiffs' house subsequent to the original installation of the distribution panel, the latest of which occurred in July of 1993, the defendant engaged in a continuous course of conduct related to the original negligent installation by wrongfully failing to discover the improper installation of the distribution panel. Thus, the plaintiffs argue, the three-year statute of repose did not begin to run at least until after the defendant's July, 1993, visit to the plaintiffs' property. The plaintiffs argue alternatively that the statute of limitations did not begin to run even until the time of injury, due to the defendant's continuing duty to discover and correct the original faulty installation or to warn the plaintiff of the same.
The plaintiffs rely on Handler v. Remington Arms Co.,144 Conn. 316, 130 A.2d 793 (1957), which determined that allegations in a complaint that a single act of the sale of defective ammunition which injured the plaintiff was not an act or omission that was completed upon the sale of the ammunition, but, rather, was a claim of conduct continuing to the time of the injury because of the defendant's failure to provide a warning as to the dangerous propensities of the product. Id., 321. Therefore, the court found error in the trial court's instruction to the jury that the special defense of the statute of limitations would apply if the jury found the sale of the ammunition to be more than one year prior to commencement of the suit. Id.
The plaintiffs' reliance on Handler is misplaced, as CT Page 2722 demonstrated by Nardi v. AA Electronic Security Engineering,Inc., supra, 32 Conn. App. 213-14. In Nardi, the plaintiffs, who claimed their house was burglarized despite the existence of an alarm system they alleged was negligently installed by the defendant, argued that the defendant had a continuing duty to warn them of the improper installation, relying on, inter alia,Handler. The court noted that "[t]he plaintiffs rely on cases that hold that a continuing duty to warn arises from an inherently dangerous situation or defective product. . . . [T]he amended complaint contains no allegation of an inherently dangerous situation or defective product. of more significance is that the doctrine is not applicable to the facts of this case. The [alarm], even if negligently installed, did not pose an unreasonable risk of personal injury within the Handler doctrine sufficient to give rise to a continuing duty to warn." Nardi v.AA Electronic Security Engineering. Inc., supra,32 Conn. App. 213-14.
Applying Nardi to the present case, the doctrine set forth inHandler and relied upon by the plaintiff is inapplicable to the facts of this case. An electrical panel, unlike a bullet, is not in and of itself an inherently dangerous product. The defendant had no continuing duty from the time of the installation of the panel to the time of injury to either correct the problem or to warn the plaintiffs of the faulty installation unless he knew about the defect or later actually learned about it. AccordBlanchette v. Barrett, supra, 229 Conn. 284 (holding that a physician who has misdiagnosed a patient has no "continuing duty to correct that diagnosis in the absence of proof that he subsequently learned that his diagnosis was incorrect"); Connellv. Colwell, 214 Conn. 242, 255, 571 A.2d 116 (1990) ("[T]he continuing course of conduct is not the failure of the alleged tortfeasor to notify the plaintiff of his wrongdoing. As . . . stated in Fichera v. Mine Hill Corporation,
[207 Conn. 204, 210, 541 A.2d 472 (1988)], it consists, rather, of `either a special relationship between the parties giving rise to such continuing duty or some later wrongful conduct of a defendant related to the prior act.'"); Bartha v. Waterbury House WreckingCo., 190 Conn. 8, 13, 459 A.2d 115 (1983) (affirming summary judgment granted by trial court and holding that alleged negligence of contractor in failing to safeguard a hole left on job site after completion of work "would not in itself establish that it had a continuing duty to warn of the danger or to safeguard the hole"); Sanborn v. Greenwald, supra,39 Conn. App. 297 (holding that the defendant attorney "had no CT Page 2723 continuing duty to notify the plaintiff of an alleged mistake in the stipulation [to modify dissolution of marriage judgment] in the absence of proof that he subsequently learned that his drafting was negligent"). Because there are no allegations in the plaintiffs' complaint or evidentiary submission to the court that the defendant had any special relationship with the plaintiff or that the panel box rose to the level of an inherently dangerous product or that the defendant engaged in subsequent wrongful conduct related to the alleged negligent installation of the electrical distribution panel (for example, that the defendant subsequently discovered the faulty wiring and failed to correct it), the plaintiffs' complaint and evidence fails to support a continuing duty of the defendant. Bartha v. Waterbury HouseWrecking Co., supra, 190 Conn. 13. The statute of limitations should not be tolled either to the date of the last visit by the defendant to the plaintiffs' house or to the time of the plaintiffs' injury.
"There is no contest here relating to the resolution of a material fact but, rather, a contest over the legal significance of the facts." Sanborn v. Greenwald, supra, 39 Conn. App. 298. Because there is no material fact in issue regarding the expiration of the three-year statute of limitations, the defendant is entitled to judgment as a matter of law.
In their objection to the defendant's motion for summary judgment, the plaintiffs also argue that because the three-year repose portion of General Statutes § 52-584 would foreclose their opportunity to seek redress in court for an otherwise actionable claim, the statute is unconstitutional as applied to their negligence claim against the defendant. Essentially the plaintiffs assert that § 52-584 violates article first, §10, of the Connecticut constitution,[1] the "open courts" provision, by restricting the common law right of action for negligence without providing a reasonable alternative to the enforcement of that right.
"[A] party challenging the constitutionality of a statute must prove its unconstitutionality beyond a reasonable doubt. . . . While the courts may declare a statute unconstitutional, [the court's] power to do this should be exercised with caution, and in no doubtful case. . . . Every presumption is to be given in favor of the constitutionality of the statute." (Citations omitted; internal quotation marks omitted.) Fair-Cadillac-Oldsmobile Isuzu Partnership v. Bailey,
CT Page 2724229 Conn. 312, 316, 640 A.2d 101 (1994).
"`Article first, § 10, has been viewed as a limitation upon the legislature's ability to abolish common law and statutory rights that existed in 1818, when article first, § 10, was adopted, and which were incorporated in that provision by virtue of being established by law as rights the breach of which precipitates a recognized injury . . . . Therefore, where a right existed at common law or by statute in 1818 and became incorporated into the Connecticut constitution by the adoption of article first, § 10, the legislature may restrict or abolish such incorporated right only where it provides a reasonable alternative to the enforcement of such right.'" Sanborn v.Greenwald, supra, 39 Conn. App. 299, quoting Ecker v. WestHartford, 205 Conn. 219, 234, 530 A.2d 1056 (1987).
Although the constitutionality of a statute of repose such as § 52-584 has not been conclusively decided by the Connecticut Supreme Court upon facts similar to the present case, both the Connecticut Appellate Court and, most recently, the Connecticut Superior Court have addressed the issue. In Sanborn v. Greenwald,supra, the court, on an issue of first impression,[2] examined whether General Statutes § 52-577, a statute of repose with almost identical language to the repose portion of § 52-584
and with identical effect,[3] was unconstitutional because it restricts "the common law right of action for legal malpractice based on negligence without providing . . . a reasonable statutory alternative to the enforcement of that right." Sanbornv. Greenwald, supra, 39 Conn. App. 298. The court recognized that the right to sue for legal malpractice existed at the time the constitution was adopted, traceable to the English common law action of trespass on the case; see Sanborn v. Greenwald, supra,39 Conn. App. 299, citing 2 Z. Swift, A System of the Laws of the State of Connecticut (1796), p. 114 and Huntington v. Rumnill, 3 Day (Conn.) 390, 396 (1809); but that no statute of limitations for legal malpractice existed until 1821. Sanborn v. Greenwald,supra, 39 Conn. App. 300 (tracing the history of the statute of limitations for trespass on the case, and determining that a six-year statute of limitations for such actions first came into existence in 1821). But because the courts "look to the available . . . law in reasonable temporal proximity to the adoption of the constitution of 1818 to enhance our understanding of the original intent of the constitutional framers'"; id., quoting State v. Joyner, 225 Conn. 450, 462, 625 A.2d 791 (1993); the court in Sanborn determined that "the six year accrual CT Page 2725 statute is that which governed legal malpractice as of the time of the constitution." Sanborn v. Greenwald, supra,39 Conn. App. 301.
Upon analysis of prior cases which have examined the constitutionality of statutes of repose and other legislation under article first, § 10, of the Connecticut constitution, the Sanborn court concluded that "[r]easonable conditions on a cause of action do not amount to a violation of the constitution. . . . Section 52-577 does not, on its face, restrict or abridge [a] cause of action [for legal malpractice], but, rather, only establishes the time period in which a plaintiff must assert this right. Therefore, § 52-577
restricts the right only to the extent that it restricts the time for bringing the action." Id., 304-05.
The court in Sanborn explained further that "[t]here are two principal reasons generally given for the enactment of a statute of repose: (1) it reflects a policy of law, as declared by the legislature, that after a given length of time a [defendant] should be sheltered from liability and furthers the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty, free from the disruptive burden of protracted and unknown potential liability . . . and (2) to avoid the difficulty in proof and record keeping which suits involving older [claims] impose. . . .
"Statutes of repose are constitutional enactments that involve a balancing of the hardship caused by the potential bar of a just claim with the advantage of barring stale claims. . . . When a right exists at common law, a statute of repose functions only as a qualification on the remedy to enforce the preexisting right." (Citations omitted; internal quotation marks omitted.)Id., 305-06.
Indeed, "[i]n limiting the time for bringing an action, even though it is possible that on the date of the expiration of the limitation period no injury has yet been sustained, the legislature has not acted unconstitutionally." Id., 306; seeVilcinskas v. Sears, Roebuck Co., supra, 144 Conn. 174 ("There is no reason, constitutional or otherwise, which prevents the legislature from enacting a statute . . . which starts the limitation on actions for negligence running from the date of `the act or omission complained of,' even though at that date no person has sustained damage and therefore no cause of action has CT Page 2726 come into existence."); Nardi v. AA Electronic SecurityEngineering, Inc., supra, 32 Conn. App. 211 n. 4. ("[T]he effect of the statute of limitations can be harsh under circumstances . . . where the statute has run before any injury has occurred. Our statute of limitations, however, has been interpreted to permit such a result for nearly forty years.").
In Farms Country Club v. Knickerbocker-Barry, Superior Court, judicial district of New Haven at New Haven, Docket No. 372119 (February 10, 1997) (Zoarski, J.), the court addressed the precise issue of the constitutionality of § 52-584 posed by the plaintiff in the present case — that is, whether § 52-584 is unconstitutional as applied to a plaintiff seeking redress for injury to property because the statute bars the claim even before the claim becomes actionable. The Farms court determined that a cause of action for injury to property existed at common law;Farms Country Club v. Knickerbocker-Barry, supra; and analogized the case to Sanborn. It concluded that "[s]ection 52-584 is not unconstitutional as applied to [the plaintiff] because it does not alter or abridge [the plaintiff's] cause of action; it creates a time period in which the negligence action must be brought," and therefore granted the defendant's motion for summary judgment.
Although on point and determinative of the issue of the constitutionality of § 52-584, the plaintiffs in the present action fail to address Sanborn in their objection. Instead, the plaintiffs rely primarily a Memorandum of Decision in the case ofGeorge v. Soderholm, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 223840 (May 13, 1987) (Berdon, J.).
The plaintiffs in the present action assert that because, unlike Soderholm plaintiffs, they do address the question of the existence of a statute of repose in 1818 for an action based upon trespass on the case in their objection to the motion for summary judgment, which apparently unquestionably did not exist, the court should declare § 52-584 unconstitutional as applied to this case in accordance with George v. Soderholm. The court disagrees.
First, the plaintiffs' reliance upon George v. Soderholm is misplaced, as the court in George never resolved the question of whether § 52-584 is unconstitutional; it merely denied the defendant's motion for summary judgment. Second, the import of CT Page 2727 more recent case law in Sanborn determines that statutes of repose, as applied to cases like the present one, are constitutional.
Application of § 52-584 to the facts of the present case does not unconstitutionally and impermissibly alter or abridge the plaintiffs' cause of action. Because there are no genuine issues of material fact concerning when the action was commenced or the date of the alleged wrongful conduct, the defendant's motion for summary judgment based on General Statutes § 52-584 is granted. Suit was commenced more than three years from the date of the act or omission complained of. The clerk is directed to enter judgment for the defendant on the plaintiffs' complaint.
FLYNN, J.