[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT FILED BY GREATER BRIDGEPORT INDIVIDUAL PRACTICE ASSN. (#131)
CT Page 11710
The plaintiff, Charles D. Gianetti, M.D., filed a four count, second amended complaint (complaint) against the defendants, Greater Bridgeport Individual Practice Assn. (GBIiPA) and Physicians Health Services (PHS). In the complaint, the plaintiff alleges the following facts. The plaintiff was a member of GBIPA, an organization of physicians who supply medical services to subscribers of PHS, a health maintenance organization. Pursuant to his membership, the plaintiff entered into a written contract with (iBIPA. Several times in 1991 and 1995, GBIPA threatened to terminate the plaintiffs membership. Most recently, on March 6, 1995, GBIPA notified the plaintiff that it intended to terminate its agreement with him and his membership in (iBIPA. The plaintiff notified (iBIPA that he intended to appeal his termination pursuant to (iBIPA's bylaws. On June 22, 1995, PHS' medical director notified the plaintiff that his membership in GBIPA was terminated. After that date, the plaintiff was asked to see at least two PHS patients but was unable to do so due to the termination. On July 31, 1995, PHS' medical director notified the plaintiff that he was reinstated as a member of (iBIPA pending the outcome of his appeal. The appeal was never heard.
In count one of the complaint, the plaintiff alleges that GBIPA breached its contract with him by improperly terminating his membership in June, 1995. In count two, the plaintiff alleges that PHS was a party to GBIPA' s breach of contract. In count three, the plaintiff alleges that (iBIPA's conduct in seeking to terminate his membership on previous occasions as well as its conduct in terminating his membership in June, 1995, violates the Connecticut Unfair Trade Practices Act (CUTPA). In count four, the plaintiff alleges that PHS' conduct also violates CUTPA. (iBIPA filed an answer and special defenses in which it asserted that count three is barred by the applicable statute of limitations. The plaintiff filed a reply denying the special defense.
GBIPA moves for summary judgment on count three on the ground that the plaintiff did not bring his CUTPA claim within the three year statute of limitations set forth in General Statutes § 42-119g (f). In opposition to the motion for summary judgment, the plaintiff asserts that count three is not time barred because GBIPA engaged in a continuing course of conduct which tolled the statute of limitations.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled tojudgnent as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the CT Page 11711 evidence in the light most favorabl (to the nonmoving party. . . . The party seeking summary judgment has the burden of showing thi absence of any genuine issue [of] material facts which, under applicable principles of substantiw law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion musi provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387,397-98 (2000). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554-55 (1998).
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806 (1996). Summary judgment is appropriate on statute of limitation grounds when "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452 (1984). It is also appropriate where the evidence submitted "do[es] not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." (Internal quotation marks omitted.) Collum v. Chapin, 40 Conn. App. 449, 453 (1996).
CUTPA authorizes the bringing of a cause of action for unfair or deceptive acts or practices in the conduct of any trade or commerce. General Statutes § 42-110g. The act further provides: "An action brought under this section may not be brought more than three years after the occurrence of a violation of this chapter." General Statutes § 42-110g
(f); see Willow Springs Condominium Assn., Inc. v. Seventh BRTDevelopment Corp., 245 Conn. 1, 45-46 (1998). Therefore, the present action is barred by the statute of limitations unless it was brought no more than three years after the occurrence of the violations alleged in count three of the plaintiffs complaint.
In Connecticut, an action is formally commenced and the statute of limitations stops running upon the service of the writ, summons and complaint on the defendant; Rana v. Ritacco, 236 Conn. 330, 337 (1996); which, in this case occurred on August 6, 1998. "An exception to this rule . . . may be found in General Statutes § 52-593a (a), which provides that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the CT Page 11712 office of any sheriff within the time limited bylaw, and the process is served, as provided by law, within fifteen days of the delivery.'"Stingone v. Elephant's Trunk Flea Market, 53 Conn. App. 725, 729-30
(1999).
The plaintiff argues that pursuant to this exception, the action in this case was commenced on July 27, 1998, the date the writ was sent to the sheriff. The sheriff filed an amended return of service in which he states that the writ was delivered to him for service on July 29, 1998.[1] Therefore, under § S2-593a, the plaintiffs CUTPA claim is barred by limitations unless the conduct on which it is based occurred within three years of July 29, 1998, or no earlier than July 29, 1995.
A review of the amended complaint reveals that all of the conduct which forms the basis for count three occurred prior to July 29, 1995. Specifically, the plaintiff alleges that in 1994, GBIPA threatened to terminate his membership because he did not comply with a credentialing request which he thought was unjustified. He also alleges that in 1991, and on February 14, 1995, and March 3, 1995, (iBIPA threatened to terminate his membership in response to lawsuits he brought against other parties. Most recently, the plaintiff alleges that on March 6, 1995, GBTPA notified him that the association intended to terminate its agreement with him and his membership in (iBIPA. He claims that on or about June 22, 1995, PHS' medical director notified him that his membership in GBIPA was terminated. The plaintiff alleges that after June 22, 1995, other physicians requested that he see two patients, but he was unable to do so because of the termination. He also states that he believes that other PHS patients were not referred to him after that date because his membership in GBIPA had been terminated. Finally, the plaintiff alleges that PHS' medical director sent him a letter dated July 31, 1995, notifying him that he was reinstated as a member of (iBIPA, effective as of date of his termination.
The plaintiff did not submit any evidence that the conduct that forms the basis of hi CUTPA claim occurred within three years of August 6, 1999, as required under § 42-110g (f), or within three years of July 29, 1999, the period allowed under the savings provision of § 52-593a
The only conduct that the plaintiff claims occurred after July 29, 1995, was the letter that PHS sew to the plaintiff on July 31, 1995, advising him that he was reinstated as a member of GBIIPA. Thc plaintiff did not present any evidence that (iBIPA's conduct in regard to this letter was unfair oi deceptive and thus it cannot be the basis for a CUTPA claim. Therefore, absent some action that would toll the statute of limitations, the plaintiffs CUTPA claim is barred because it accrued more than three years before the commencement of this action. CT Page 11713
The plaintiff contends that his CUTPA claim is not barred because (iBiIiPA engaged in a continuing course of conduct which tolled the statute of limitations. Pursuant to the continuing course of conduct doctrine, "[w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed". (Internal quotation marks omitted.) Sanborn v. Greenwald,39 Conn. App. 289, 295 (1995), cert. denied, 235 Conn. 925 (1995). The doctrine "reflects the policy that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied. . . . [T]he doctrine is generally applicable under circumstances where [ut may be impossible to pinpoint the exact date of a particular negligent act or omission that caused injury or where the negligence consists of a series of acts or omissions and it is appropriate to allow the course of [action] to terminate before allowing the repose section of the statute of limitations to run." (Internal quotation marks omitted.) Id., 295-96. It is particularly suited to "claims where the situation keeps evolving after the act complained of is complete, such as medical malpractice rather than one where the situation cannot change. . . ." Id., 297-98.
"[I]n order [t]o support a finding of a continuing course of conduct that may toll the statutt of limitations there must be evidence of a breach of a duty that remained in existence aftei commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where we have upheld a finding that a duty continued to exist after cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongfai conduct of a defendant related to the prior act." (Emphasis added; internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 203 (2000).[2]
As to the first category, "[w]hat is meant by the "special relationship' required by this principle is not clear . . . it does mean something more than evidence of either a terminated . . . or on-going relationship." Graetz v. Brito, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052517 (March 2, 1998, Flynn, J.) (21 Conn. L. Rptr. 436, 438). In Van Deusen v. Dratch, Superior Court, judicial district of Litchfield, Docket No. 68758 (May 7, 1996, Pickett,J.), the court analyzed the question of the existence of a special relationship in the context of the continuing course of conduct doctrine in terms of whether a fiduciary or confidential relationship existed between the parties. In Kaplan v. Gruder, judicial district of Fairfield a Bridgeport, Docket No. 334308 (May 19, 1999, Rush, J.)
(24 Conn. L. Rptr. 577, 583), this cour noted that the Supreme Court seems CT Page 11714 to state that the doctrine operates if the parties have fiduciary relationship or a relationship of trust.
In the complaint and in the affidavit the plaintiff submitted in opposition to the motion foi summary judgment, the plaintiff does not allege any facts or offer any evidence from which the court could find that a genuine issue of fact exists as to whether there was a special relationship between the plaintiff and (iBIPA. According to the plaintiff, the only relationship he has with (iBIPA is based on his contract with this defendant.
As to the second category of conduct that may support a continuing course of conduct argument, the plaintiff fails to offer any evidence that (iBIPA engaged in later wrongful conduct within the appropriate limitations period that is related to its prior actions. He concludes that his "reinstatement was pending the outcome of the appeal [and his termination] was never formally resolved;" (Plaintiffs Affidavit, ¶ 3). Although the continuing course of conduct doctrine is conspicuously fact-bound; see Blanchette v. Barrett, 229 Conn. 256, 276 (1994); it cannot be applied if the party seeking to rely on it fails to offer evidence from which the court could find that an issue of fact exists as to its applicability.
In the present case, viewing the evidence in the light most favorable to the plaintiff, as the court is required to do; Community Action forGreater Middlesex County, Inc. v. American Alliance Ins. Co., supra,254 Conn. 397; there is no genuine issue that the statute of limitations hac run when the writ was given to the sheriff on July 29, 1998. All of the conduct which the plaintif relies upon for his CUTPA claim occurred more than three years prior to that date. In addition, none of the evidence submitted by the plaintiff raises a genuine issue of fact that GBIPA engaged in a continuing course of conduct which would toll the statute of limitations.
Accordingly, the Motion for Summary Judgment as to count three is hereby granted.
RUSH, J.