[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT BY LUC TARDIF
The defendant, Luc Tardif d/b/a Luc Tardif Logging ("Tardif"), has moved for summary judgment against the plaintiffs pursuant to § 17-44et seq. of the Connecticut Practice Book on the grounds that the their cause of action against Tardif as alleged in the Amended Complaint of November 12, 1999 is barred by Connecticut General Statutes § 52-584.
Facts and Procedural History
This claim arises from an incident that occurred on Thursday, March 27, 1997. At that time, the plaintiff, James Gazza, alleges that he was a self-employed landscape contractor hired by the co-defendant, J. H. Tree Timber Corporation, to assist with its tree-pruning and woodchipper operations at its customer's Bloomfield, Connecticut property. The plaintiff was in the process of feeding branches into a Bandit Industries Model 1400 Woodchipper, owned and maintained by J. H. Tree Timber Corp., when it is alleged the branches became entangled about his right leg and body, and pulled him into the woodchipper. The plaintiff suffered a traumatic amputation of the right leg.
The plaintiff and his wife initiated this action against Bandit CT Page 12104 Industries, Inc. (the alleged manufacturer of the woodchipper); Performance First, Inc. (also an alleged manufacturer of the woodchipper); Ciola Services, Inc. (an alleged seller of the woodchipper); J.H. Tree Timber Corp. (the owner of the woodchipper at the time of this incident); and James C. Horahan (the principal of J.H. Tree Timber Corp.)
On November 12, 1999, the plaintiffs filed a second Amended Complaint, which added Hawkensen Equipment Co., Inc., as a product liability defendant and Tardif as a negligence defendant.
Tardif has presented affidavits which establish that Tardif sold the woodchipper to an unidentified person in the summer of 1994, that the defendant Ciola Services, Inc. owned the woodchipper after it was sold by Tardif in 1994, and sold the woodchipper to J.H Tree Timber Corporation on December 31, 1995.
Discussion of Law and Ruling
Practice Book § 17-49 (formerly § 384) provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 17-45, 17-46; Burns v. Hartford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson,176 Conn. 304, 309, 407 A.2d 971 (1978); Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); NewMilford Savings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stain, 224 Conn. 524, 530, cert. denied,114 S.Ct. 176, 126 L.Ed.2d 136 (1993); Connell v. Colwell, 214 Conn. 242, CT Page 12105 246, 571 A.2d 116 (1991). Summary judgment is "designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilson v. City of New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989).
Connecticut General Statutes § 52-584, which sets forth a statute of limitations for civil actions, provides that:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be more than three years from the date of the act or omission complained of . . .
The plaintiff's injuries were sustained on March 27, 1997. The plaintiff brought his negligence action against Tardif by way of Amended Complaint dated November 12, 1999. Since the plaintiff's negligence action was not brought within two years of the date the injury was sustained, the plaintiff's claim is barred by the two-year limitations period of C.G.S. § 52-584.
Plaintiff's claims of negligence relate to the sale of the woodchipper. Tardif sold the woodchipper in the summer of 1994. Tardif owned the woodchipper before Ciola. Ciola sold the woodchipper to J.H. Tree Timber Corporation on December 31, 1995.
The statutory clock on the three-year time limit begins running when the negligent conduct of the defendant occurs. McDonald v. Haynes MedicalLaboratory, Inc., 192 Conn. 327, 330, 471 A.2d 646, (1984). Consequently, an action may be time barred even if no injury is sustained during the three years following the defendant's act or omission. Id; see also, Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 127 A.2d 814
(1956). In this case, the alleged negligent act or omission of which the plaintiff complains occurred in the summer of 1994.
Plaintiff alleges that his injuries and damages were caused by the negligence and carelessness of Tardif, in that:
 a. It sold the woodchipper without all of its original or then recommended parts, instructions and/or warnings, including the quick-stop and reversing safety bar device supplied and required by the woodchipper manufacturer and/or the in-feed chute CT Page 12106 fold-drop-down tray-table safety extension;
 b. It failed to inspect, maintain, repair, replace or otherwise cause the woodchipper to be equipped and sold with all of its original or then recommended parts, instructions and/or warnings;
 c. It had removed the woodchipper in-feed safety bar or device, or knew it had been removed, when it sold the woodchipper; and
 d. It failed to disclose and/or fairly represent the defective and unreasonably dangerous conditions of its woodchipper.
All four allegations of negligence arise either from the sale of the woodchipper in question or alleged actions which occurred prior to the sale of said woodchipper. Accordingly, for the purpose of the three-year statute of repose found in § 52-584 of the Connecticut General Statutes, the pertinent date is the date of sale, which is the summer of 1994. The plaintiff's original action was not commenced until March 8, 1999. The plaintiff's action against Tardif was not commenced until November 12, 1999. Accordingly, the plaintiff's action is barred by the three-year limitations period of § 52-584.
The plaintiffs have claimed that Tardif engaged in a continuing course of conduct which tolled the statute of limitations. See Sherwood v.Danbury Hospital, 252 Conn. 193, 202-203, 746 A.2d 730 (2000).
"To support a finding of a continuing course of conduct that may toll the statute of limitations, there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to the commencement of the period allowed for bringing an action for such a wrong." Witt v. St. Vincent's Medical Center, 252 Conn. 363, 369-370,746 A.2d 753 (2000).
A duty may continue after the original wrong where there is either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act. Id.
The plaintiffs have presented no evidence of any "special relationship" with the defendant. In fact, the plaintiffs cannot produce evidence of any relationship between them and Tardif. Tardif did not sell the woodchipper in question to the plaintiff. Thus, there is no evidence of CT Page 12107 any special relationship or ongoing relationship between the plaintiffs and Tardif.
An examination of those cases where the continuing course of conduct doctrine tolled the statute of limitations reveals that there was evidence of a relationship between the parties, almost always consisting of a healthcare provider-patient relationship. (Sherwood v. DanburyHospital, 252 Conn. 193, 746 A.2d 730 (2000), statute of limitations tolled because defendant hospital had failed to warn the plaintiff that blood she received in a transfusion had not been tested for presence of HIV virus); (Witt v. St. Vincent's Medical Center, 252 Conn. 363,746 A.2d 753 (2000), statute of limitations tolled where pathologist failed to notify the plaintiff that biopsy showed potentially cancerous growth); (Blanchette v. Barrett, 229 Conn. 256, 640 A.2d 74 (1994), the statute of limitations was tolled because of evidence that the defendant physician had failed to satisfy his duty of monitoring the plaintiff's questionable breast condition); (Cross v. Huttenlocher, 185 Conn. 390,440 A.2d 952 (1981), the statute of limitations was tolled because of the negligent failure of a physician to warn a patient of the harmful side effects of a drug that the physician had prescribed and that the patient had continued to ingest over a period of time); (Giglio v. ConnecticutLight Power Co., 180 Conn. 230, 429 A.2d 486 (1980), the statute of limitations was tolled because the installer of the pilot light gave repeated instructions as to its use and response to multiple complaints by the plaintiff)
The only case in which the sale of a product created a continuing duty to warn is Handler v. Remington Arms Co., 144 Conn. 316, 130 A.2d 793
(1957). In Handler the plaintiff was injured by an allegedly defective cartridge in a revolver manufactured by Remington Arms Co. In Handler the defendant was the manufacturer who had created the allegedly dangerous condition. In the present case the dangerous condition is the absence of a quick-stop and reversing safety bar device on the woodchipper. The defendant has presented an affidavit that the woodchipper had all of its component parts and mechanisms when Tardif sold it in 1994. The plaintiffs have presented no evidence to the contrary. Thus, there is no evidence that Tardif had knowledge of any dangerous condition, and, therefore no duty to warn the plaintiffs. Even if Tardif had knowledge of the dangerous condition, in the absence of any relationship whatsoever between Tardif and the plaintiffs, Tardif clearly had no duty to warn the plaintiffs about anything.
In other cases involving the sale of a product the Supreme Court has not found a continuing duty. Fichera v. Mine Hill Corp., 207 Conn. 204,209-10, 541 A.2d 472 (1988) (no evidence to support continuing duty on part of defendant after property sold); Beckenstein v. Potter Carrier,CT Page 12108Inc., 191 Conn. 150, 464 A.2d 18 (1983) (no continuing duty on defendant's part after completion of roof installation); Prokolkin v.General Motors Corp., 170 Conn. 289, 299, 365 A.2d 1180 (1976) (continuing course of conduct theory inappropriate in strict product liability action); Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170,127 A.2d 814 (1956) (continuing course of conduct inapplicable where act completed by sale of air rifle).
Based on the foregoing, the court holds that the action against Luc Tardif is barred by Connecticut General Statutes § 52-584 because the Amended Complaint was served more than three years after the sale of the woodchipper by Tardif and the statute of repose contained in § 52-584
was not tolled by the continuing course of conduct doctrine. Therefore, summary judgment may enter in favor of Luc Tardif d/b/a Luc Tardif Logging.
By the court,
Aurigemma, J.